EARLY R. WILSON, ADMINISTRATOR OF THE ESTATE OF BUDDY ROSS WIL-
SON, DECEASED, v. LAWRENCE LAWSON.

(Filed 13 April, 1966.)

APPEAL by defendant from *Walker, S.J.,* October 4, 1965 Civil
Session, PERSON Superior Court.

This civil action was instituted by Early R. Wilson, Adminis-
trator of Buddy Ross Wilson, to recover damages for his intestate's
wrongful death, allegedly caused by the actionable negligence of
the defendant, Lawrence Lawson.

The pleadings and the plaintiff's evidence tended to show that
on the night of August 22, 1964, at about 11:50, plaintiff's intestate
was driving his 1954 Ford south on Highway 501 near Roxboro,
slowed down, gave a left turn signal preparatory to entering High-
way No. 1205. In making the turn, his Ford was demolished by a
1953 Buick, owned and being driven south by the defendant who
attempted to pass on intestate's left as he was in the act of cross-
ing to enter 1205. Intestate was killed instantly.

The highway patrolman who investigated the accident, testi-
fied. "To the north of the intersection . . . is a yellow line which
indicates a 'no passing zone.' " The defendant crossed this line.
The defendant's Buick left 202 feet of skid marks. A passenger in
the Ford said the left turn signal light was blinking at the time the
deceased attempted to make the left turn. The impact occurred as
the intestate was in the act of completing his entry into the side
road.

The defendant, by answer, denied negligence, pleaded the con-
tributory negligence of the plaintiff's intestate in that he turned
left without any sign of such intent. However, the defendant did
not offer evidence. The jury answered issues, finding the defendant
was guilty of actionable negligence, that the intestate was not guilty
of contributory negligence, and fixed the award of damages at
$10,000.00. From judgment in accordance with the verdict, the de-
fendant appealed.

*Haywood, Denny & Miller by George W. Miller, Jr., James H.
Johnson, III, Donald J. Dorey for plaintiff appellee.*
*Charles B. Wood for defendant appellant.*

PER CURIAM. The pleadings raise issues of negligence, contrib-
utory negligence, and damages. The evidence was sufficient to sup-
port the issues of defendant's negligence and the damages to the
intestate's estate. The evidence does not show contributory negli-

gence as a matter of law. The burden of such a showing was on the defendant, which he did not attempt to carry by introducing evidence.

No error.

MOORE, J., not sitting.